# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**EARNEST KEYS, JR.**                                                        **PETITIONER**

**V.**                     **CIVIL ACTION NO.2:17CV31 KS-LRA**

**RONALD KING**                                                               **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Earnest Keys filed a petition for writ of habeas corpus relief on March 1, 2017. After reviewing the record and all the applicable law, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996 as untimely.

Petitioner Keys is currently in the custody of the Mississippi Department of Corrections ("MDOC") serving a sentence for a 2011 revocation from the Circuit Court of Forrest County, Mississippi. In July 2007, Keys pled guilty to armed robbery and was sentenced to serve a term of ten years, with three years to be served in MDOC custody, and the remaining seven years suspended with five years of post-release supervision. On November 23, 2011, Keys's post-release supervision was revoked for violating the terms, and he was ordered to serve the remaining seven years in the custody of the MDOC. On January 10, 2014, Keys filed a "Motion to Amend and/or Reconsider Revocation Sentence" which was construed by the Forrest County Circuit Court as a motion for post-conviction collateral relief, and denied for lack of jurisdiction pursuant to Miss. Code Ann. §§ 99-39-7 and 47-7-33, on October 13, 2014. The Mississippi Court of Appeals

dismissed Petitioner's subsequent appeal for lack of jurisdiction on September 27, 2016. *Keys v. State*, 201 So.3d 1083 (Miss. Ct. App. 2016). Keys filed the instant petition on March 1, 2017.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is

---

[1] ECF Nos. 4-1 — 4-10.

pending in state court.  *See Madden v. Thaler,* 521 F. App'x 316 (5th Cir. 2013).
AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Under Mississippi law, "an order revoking a suspension of sentence or revoking probation is not appealable." *Griffin v. State*, 982 So.2d 298, 290 (Miss. 1980) (citation omitted).  To challenge a revocation, a petitioner must file a motion for post-conviction relief under Miss. Code Ann. § 99‒39‒5(1)(h).  *See Gray v. State*, 29 So.3d 791 (Miss. Ct. App. 2009) (citing *Martin v. State*, 556 So.2d 357, 358‒59 (Miss. 1990)).  In this case, Keys's conviction became final on November 23, 2011 – the day his sentence was revoked.  To toll the statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before November 23, 2012.  None of his post-conviction filings are a "properly filed" motion as contemplated by 28 U.S.C. § 2244(d)(2).  *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002). Because he did not file a properly filed post-conviction motion prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from November 23, 2011, through November 23, 2012.  Absent equitable or statutory tolling, his federal habeas petition filed on March 1, 2017, is time barred.

3

Petitioner does not dispute that his petition is untimely, nor does he contend that rare or exceptional circumstances prevented him from filing before the expiration of the one-year statute of limitations. Rather, he appears to assert that the expiration of his sentence renders AEDPA's statute of limitations inapplicable.

With regard to his argument that his sentence has expired, Mississippi law provides that "time spent on [post-release supervision] may not be credited toward a sentence that results from the revocation of [post-release supervision]." *Schwend v. State,* 996 So. 2d 174, 175–76(7) (Miss. Ct. App. 2008) (citing *Simmons v. State,* 913 So.2d 1011, 1012–13 (Miss. Ct. App. 2005)); *see also* Miss. Code Ann. § 47–7–37(7) ("No part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve."). Keys was sentenced to serve the remaining balance of his sentence on November 23, 2011. MDOC records reflect that his discharge date, with credit for pre-trial detention, is September 3, 2018. Any contention that he is entitled to additional credit for time spent on post-release supervision is without merit.

None of AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations. In the absence of any evidence warranting statutory or equitable tolling, his habeas petition is barred by the statute of limitations, and should be dismissed with prejudice.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after

4

being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on August 21, 2017.

                                  s/ Linda R. Anderson
                             UNITED STATES MAGISTRATE JUDGE